**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANNY BENNETT WOOSLEY, | No. 15-55608 |
| Petitioner-Appellant, | D.C. No.<br>5:09-cv-02335-PA-SH |
| v. | |
| NEIL MCDOWELL, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted October 4, 2017
Pasadena, California

Before: KLEINFELD, GRABER, and CHRISTEN, Circuit Judges.

Lanny Woosley appeals the district court's denial of his petition for a writ of

habeas corpus. The Antiterrorism and Effective Death Penalty Act applies.

Accordingly, we can reverse a state court merits adjudication only if it: "(1)

resulted in a decision that was contrary to, or involved an unreasonable application

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We must deny the petition if "fairminded jurists could disagree" about whether the state court was correct. Harrington v. Richter, 562 U.S. 86, 102 (2011). Under this standard, we affirm.

**1.** The California Court of Appeal held that Woosley was not in custody until he admitted to a carjacking. This was not an unreasonable application of Supreme Court precedent. See Thompson v. Keohane, 516 U.S. 99, 112 (1995). It was not unreasonable to conclude that, until Woosley confessed to the carjacking, a reasonable person in his position would have felt free to leave the police station.

**2.** The California Court of Appeal held that Woosley did not unambiguously invoke his right to an attorney. That was neither an unreasonable application of Supreme Court precedent nor an unreasonable determination of the facts because Woosley simultaneously asked for an attorney and "launched an inarticulate barrage of questions about the case." See Davis v. United States, 512 U.S. 452, 462 (1994). It was not unreasonable to conclude that Woosley's request was ambiguous because, in the "same breath," he asked a question calling for the officer's response.

**3.** We presume that the California Supreme Court rejected on the merits Woosley's right-to-remain-silent claim. See Amado v. Gonzalez, 758 F.3d 1119, 1131 (9th Cir. 2014). As with the right to counsel, one must unambiguously and unequivocally invoke the right to remain silent. Berghuis v. Thompkins, 560 U.S. 370, 381 (2010). Based on the context of the interview and Woosley's repeated reinitiation of the conversation with the officer, fairminded jurists could disagree about whether Woosley's requests were unambiguous and unequivocal.

**4.** The California Court of Appeal held that there was "no evidence" of a deliberate attempt to circumvent Miranda in violation of Missouri v. Seibert, 542 U.S. 600 (2004). That was neither an unreasonable application of Supreme Court precedent nor an unreasonable determination of the facts. It was not unreasonable to conclude that the interview in this case was more like the one in Oregon v. Elstad, 470 U.S. 298 (1985), than the one in Seibert.

**5.** The California Court of Appeal held that Woosley's self-admonition sufficiently conveyed his Miranda rights. That decision did not unreasonably apply Supreme Court precedent. See Florida v. Powell, 559 U.S. 50, 60, 64 (2010). The California Court of Appeal also determined that the nature of Woosley's self-admonition (along with Detective Toms' subsequent endorsement of it) passed constitutional muster. The Supreme Court has not held that a

3

suspect's recitation of his <u>Miranda</u> rights lacks the same effect as a police officer's <u>Miranda</u> warning.  Therefore, the decision of the California Court of Appeal was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

For these reasons, the district court's judgment is **AFFIRMED.**